UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Montez Little, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>Key West Boats, Ltd., )<br>)<br>          Defendant. )<br>_____) | C.A. No. 2:09-1334-MBS<br><br>**ORDER AND OPINION** |

Plaintiff Montez Little filed the within action on April 22, 2009 against Defendant Key West Boats, Ltd. in the Dorchester County Court of Common Pleas, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq*., 42 U.S.C. § 1981; and state law claims of negligent supervision, battery, and intentional infliction of emotional distress. The case was removed to federal court on May 21, 2009. This case is before the court on Defendant's motion for summary judgment, which was filed on March 19, 2010. On May 5, 2010, Plaintiff responded. On May 12, 2010, Defendants replied.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On June 8, 2010, the Magistrate Judge heard oral arguments on Defendant's motion for summary judgment. On December 10, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted as to Plaintiff's federal claims, and that the court decline to exercise jurisdiction over Plaintiff's state law claims. On December 15, 2010, Defendant filed an objection to the Magistrate Judge's Report and Recommendation. On January 4, 2011, Plaintiff responded to Defendant's objection. Plaintiff filed no response in opposition to the Report and

Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff has not objected to the Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of Plaintiff's federal claims and concludes that the Magistrate Judge has properly applied the applicable law. Defendant's motion for summary judgment is granted as to Plaintiff's federal claims.

In its objections, Defendant requests that the court exercise supplemental jurisdiction over Plaintiff's state law claims for the purpose of granting Defendant summary judgment on those claims as well. Title 28, United States Code, Section 1367(c) gives the court discretion to "decline to exercise supplemental jurisdiction" over a plaintiff's remaining claims when the court "has

dismissed all claims over which it has original jurisdiction." *Id.* As such, Defendant's objection not direct the court to a specific error in the Report and Recommendation, but instead takes issue with the Magistrate Judge's recommendation on a discretionary determination. Because the court granted Defendant summary judgment on Plaintiff's federal claims, there are no claims remaining over which the court has original jurisdiction. Nevertheless, the court, having considered the issue of supplemental jurisdiction *de novo*, declines to exercise jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant' Motion for Summary Judgment (Entry 36) is **granted** as to Plaintiff's federal claims. The court declines to exercise jurisdiction over any state law claims asserted by Plaintiff. *See* 28 U.S.C. § 1367.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge
District of South Carolina

January 18, 2011
Columbia, South Carolina